Jonathan D. Miller (Bar No. 220848)
jonathan@nshmlaw.com
Alison M. Bernal (Bar No. 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California  93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorneys for Plaintiff and the Class

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LEBOEUF, individually on behalf of himself and all others similarly situated, and Does (1-100) on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>NVIDIA Corporation,<br><br>         Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Matthew LeBoeuf (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1. This is a nationwide class action brought on behalf of all consumers who purchased graphics cards incorporating the NVIDIA GeForce RTX 2080 Ti

1

graphics processing units ("GPU") (hereinafter "RTX 2080 graphics cards"), which Defendant NVIDIA Corporation ("Defendant" or "NVIDIA") sold based on the misleading representations that the RTX 2080: 1) provides "6X the performance of previous-generation graphics cards"; 2) is "light years ahead" of other cards; 3) provides "ultra-cool and quiet performance";  and 4) that "powerful NVIDIA Turing™ GPU architecture, breakthrough technologies, and 11 GB of next-gen, ultra-fast GDDR6 memory make it the world's ultimate gaming GPU."[1]

2.      However, Defendant's advertising and marketing campaign is false, deceptive, and misleading. The RTX 2080 graphics cards do not deliver "up to 6X the performance of previous-generation graphics cards," and suffer from an undisclosed flaw that causes the graphics cards to fail at an alarming rate. As a result, consumers paid from $799 to $1199 for the 2080 series of graphics cards that suffer from a variety of issues ranging from lack of promised performance, visual anomalies on the user's computer screen, the user's computer crashing entirely, and, in one case, even catching fire.

3.      Having purchased graphics cards that suffer from this defect, Plaintiff and Class members suffered injury in fact, and a loss of money or property as a result of Defendant's conduct in designing, manufacturing, distributing, and selling defective graphics cards. NVIDIA has failed to remedy this harm and has earned, and continues to earn, substantial profit from selling the defective RTX 2080 graphics cards.

4.      Defendant's conduct violated and continues to violate, *inter alia*, consumer protection statutes and its express and implied warranties. Defendant has been and continues to be unjustly enriched. Accordingly, Plaintiff brings this action against Defendant on behalf of himself and Class Members who purchased the RTX

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

---

[1] *See,* https://www.nvidia.com/en-us/geforce/graphics-cards/rtx-2080-ti/ (last accessed May 7, 2019).

CLASS ACTION COMPLAINT                                                  Case No.

1   2080 during the applicable statute of limitations period (the "Class Period").

2   **JURISDICTION AND VENUE**

3   5.      This Court has subject matter jurisdiction over this action pursuant to

4   28 U.S.C.§ 1332(d) because there are more than 100 class members and the

5   aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and

6   costs, and at least one Class member is a citizen of a state different from Defendant.

7   This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C.

8   § 1367.

9   6.      This Court has personal jurisdiction over Defendant because Defendant

10  maintains its headquarters in California, has sufficient minimum contacts with

11  California, or has otherwise purposely availed itself of the markets in California

12  through the promotion, marketing, and sale of its products and services in California

13  to render the exercise of jurisdiction by this Court permissible under traditional

14  notions of fair play and substantial justice.

15  7.      Venue is proper under 28 U.S.C. § 1391(a) because (1) Defendant is

16  subject to personal jurisdiction in this District because it is headquartered in this

17  District, (2) Defendant does substantial business in this District, and (3) a substantial

18  part of the events or omissions giving rise to these claims occurred in this District.

19  Defendant engaged in the extensive promotion, marketing, distribution, and sales of

20  the products at issue in this District.

21  **PARTIES**

22  **Plaintiff**

23  8.      Plaintiff is an individual consumer who, at all times material hereto,

24  was a resident of Tarrant County, Texas

25  9.      Plaintiff is an avid player of video games and wanted to purchase a

26  video card which would improve his computer's graphics performance "6x" when

27  he played games.

28  10.     Plaintiff had seen multiple advertisements touting the "6x" increase in

3

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

performance and power of the RTX 2080 graphics card. Since Plaintiff had previously been pleased with a presumably less powerful GTX1080 card, he sought out Defendant's product at his local Best Buy.

11.     Plaintiff read and relied upon Defendant' representations regarding the RTX 2080's superior quality and performance.

12.     Plaintiff saw the representations on Defendant's website that stated the RTX 2080 graphics card will provide "6X the performance of previous-generation graphics cards;" 2) is "light years ahead" of other cards; 3) provides "ultra-cool and quiet performance;" and 4) that "powerful NVIDIA Turing™ GPU architecture, breakthrough technologies, and 11 GB of next-gen, ultra-fast GDDR6 memory make it the world's ultimate gaming GPU." Additionally, Plaintiff watched the launch event of August 20, 2018, and relied upon the representations made by Nvidia CEO Jensen Huang during the presentation.

13.     Plaintiff purchased the card on or about September 20, 2018 at Best Buy in Garland, Texas, and installed it in his computer to replace his GTX 1080.

14.     Rather than a "6x performance increase," Plaintiff experienced a decrease in performance compared to the GTX 1080 card he had purchased three years prior.

15.     In an attempt to address the issues, Plaintiff engaged in multiple chat sessions with Defendant, reinstalled the hardware and required software drivers and updates, adjusted his computer to conform to all of Defendant's proposed settings, yet still experienced diminished performance.

16.     In contrast to his previous card, he experienced the following with the RTX 2080: stuttering of graphics during rendering, random artifacts and graphics corruption, dramatic and random frame rate drops, and "blue and black screens of death." Games that Plaintiff played successfully with the outdated GTX 1080 now became unplayable.

17.     Plaintiff was unaware of the defect described herein prior to his

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

4

Case No.

purchase of the graphics card. Had Defendant disclosed such material facts, Plaintiff would not have purchased the RTX 2080 or paid the price that he did.

**Defendant**

18.    Defendant NVIDIA Corporation is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business and headquarters is at 2701 San Tomas Expressway, Santa Clara, California 95050. Defendant NVIDIA researched, designed, developed, and marketed the RTX 2080. NVIDIA is a publicly-traded company with a market capitalization of $12.13 billion, annual revenue of $4.13 billion, and an annual EBITDA of $735 million.

19.    The market for discrete graphics cards is a duopoly, which NVIDIA dominates. As of Q3 2013, NVIDIA captured 64.5% of the market, while its competitor Advanced Micro Devices, Inc. ("AMD") captured only 35.5%.

20.    Defendant NVIDIA ships its products, including the GTX 2080, to manufacturers, purchasers, resellers, and distributors in and from California, maintains a direct sales force in California, sells in retail outlets in California, and creates the specifications and advertisements for its products, including its website where it specifically discusses the specifications of the GTX 2080 and makes the representations discussed herein regarding the performance and quality of the GTX 2080.

## FACTUAL BACKGROUND

**Graphics Cards**

21.    Graphics cards, as the name suggests, are computer components that allow a computer to output graphics to a computer display.

22.    When images are rendered for output on a display device like a computer monitor, they are arranged in a series of tiny dots called pixels. An arrangement of pixels in an X and Y format constitutes a "Resolution." For example, a popular resolution, 1920x1080, is arranged as a grid of pixels that number 1,920 in width and 1,080 in height, for a total of slightly over 2 million total

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

5

pixels. Other resolutions may have more or less pixels. The higher the pixels, the more graphics card power is needed.

23.     Each time the display changes – through moving a mouse, opening a program, watching a movie, playing a computer game, etc. – some or all of the pixels must be updated. In the case of computer games and animation, the "minimum standard" for acceptable viewing is a refresh rate of at least 60 frames, or pictures, per second. In the case of 1920x1080 resolution, this means that up to 2 million pixels may need to be updated 60 times per second, for approximately 124 million pixels updated every second.

24.     Rendering graphics is often computationally expensive. Historically, graphics were rendered with a computer's main CPU and RAM ("random access memory"), which would update each pixel when necessary. However, the disadvantage to this method is that rendering graphics occupies these components, which are simultaneously executing the operating system, and many other programs. Accordingly, commingling these tasks on the computer's main CPU and RAM may reduce the computer's performance system-wide, and the quality of graphics that can be displayed at an acceptable frame rate is limited.

25.     Graphics cards take the burden of complex graphics off the primary processor (CPU) that operates the computer and drives everyday tasks. Over time, these graphics cards have become very complex and powerful and are essentially computers themselves. A graphics card has its own memory, power regulators, cooling system, and can have robust input/output capabilities that can be altered by the manufacturer to increase performance or add features such as the "6x faster performance" claimed by NVIDIA.

26.     The advantage of using discrete graphics cards is that the computer's main CPU and RAM are not occupied with rendering graphics, which improves performance system-wide. Additionally, discrete graphics cards, like the RTX 2080, can output graphics substantially faster than a computer's main CPU and RAM

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

6

1    alone, given that the software used is specifically engineered for the task.

2        27.    Furthermore, modern graphics cards like the RTX 2080 support a host

3    of advanced graphical features for 3D applications that would not otherwise be

4    achievable using the CPU and RAM alone, including anti-aliasing, anisotropic

5    texture filtering, ambient occlusion, motion blur, tessellation, high dynamic range

6    (HDR), high-resolution textures, detailed shadows, and post processing, among

7    many others.

8        28.    This means that games run at faster frame rates with more graphics

9    card features. Animation and 3D based design and work applications will also run

10   faster, and overall system performance is increased.

11   **NVIDIA's Marketing of the RTX 2080**

12       29.    NVIDIA announced the RTX 2080 on August 20, 2018. NVIDIA

13   marketed the RTX 2080 cards as capable of "6X the performance of previous-

14   generation graphics cards;" "light years ahead" of other cards; providing "ultra-cool

15   and quiet performance;" and represented that the RTX 2080 was a "powerful

16   NVIDIA Turing™ GPU architecture, breakthrough technologies, and 11 GB of

17   next-gen, ultra-fast GDDR6 memory make it the world's ultimate gaming GPU."[2]

18       30.    NVIDIA sold the RTX 2080 cards directly to consumers for $799.00 to

19   $1,199, substantially more than NVIDIA's earlier GTX 1080Ti graphics cards.

20   **The Failure of the RTX 2080 Graphics Cards**

21       31.    Despite NVIDIA's representations regarding the quality and

22   performance of the RTX 2080, and the high price point, complaints began flooding

23   the internet concerning the performance and stability of the RTX 2080 cards.

24       32.    Specifically, users complained of "artifacting" (visual anomalies and

25   distortions in the graphics), severe lag in rendering graphics (lag is when the

26   graphics do not look "smooth" because the system cannot produce enough frames

27   _____

28   [2] https://www.nvidia.com/en-us/geforce/graphics-cards/rtx-2080-ti/

Nye, Stirling, Hale & Miller
33 West Mission Street, Suite 201
Santa Barbara, California 93101

7

per second), dropped frames (where out of 60 frames in a second the computer is unable to produce one or more frames), blue-screen and black screens (both indicative of a critical system failure when running the Windows operating system) and even complete hardware failure. In one instance, a user even reported that his RTX 2080 Ti graphics card caught fire.[3]

33.    For weeks, NVIDIA failed to address or even acknowledge the rampant failure of the RTX 2080 graphics cards, leaving users to speculate over its cause. Many complaints noted that the cards failed after prolonged periods of use, that the cards worked properly only after a cooling-off period, or that the problems were more prevalent in cards that used cheaper cooling solutions, leading some to suggest the ultimate issue was overheating memory.[4]

34.    NVIDIA responded to complaints about the failure of the cards by sending consumers replacement cards, but these replacement cards suffered from similar issues.[5]

35.    The complaints regarding the RTX 2080 became so rampant that NVIDIA temporarily stopped selling the product.[6]

36.    Finally, in mid-November 2018, NVIDIA quietly provided a vague explanation for the issues, posting in its forums that "limited test escapes from early boards caused the issues some customers have experienced with RTX 2080 Ti Founders Edition."[7] "Test escape" is a general term for a defect that is not detected

Nye, Stirling, Hale & Miller
33 West Mission Street, Suite 201
Santa Barbara, California 93101

---

[3]https://www.hardocp.com/news/2018/11/14/evga_2080_ti_xc_catches_fire_in_spectacular_fashion/

[4] https://www.tomshardware.com/news/rtx-2080-ti-gpu-defects-launch,37995.html

[5] https://mybroadband.co.za/news/hardware/285404-major-problems-with-nvidias-high-end-graphics-cards.html

[6] https://www.pcbuildersclub.com/en/2018/11/broken-gpus-nvidia-apparently-no-longer-sells-the-rtx-2080-ti/

[7] https://www.notebookcheck.net/NVIDIA-admits-a-few-early-RTX-2080-Ti-Founders-Edition-cards-managed-to-escape-QA.362546.0.html

CLASS ACTION COMPLAINT                                                    Case No.

in product testing and is found by a customer. Test escapes can occur because of both hardware and human error. In other words, NVIDIA admitted that the still-unidentified underlying cause for the issues with the RTX 2080 graphics cards made it past quality control into the hands of consumers. NVIDIA's statement, which, upon information and belief, is the only explanation offered by Defendant, does not provide any insight into what the specific issue that caused the RTX 2080 failures or how many cards were affected.

37.    Upon information and belief, NVIDIA never disclosed to consumers the underlying problems with the RTX 2080 graphics cards that led to their high rate of failure, nor what steps were taken, if any, to fix those problems.

38.    Upon information and belief, consumers have continued to complain about the RTX 2080 graphics cards which continue to fail at a high rate.

39.    Defendant failed to replace consumers' RTX 2080 graphics cards with non-defective cards and offer full compensation required under federal and state law.

40.    As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the Class members in that they:

    a.  Paid a sum of money for RTX 2080 graphics cards that were not what Defendant represented;

    b.  Paid a premium price for RTX 2080 graphics cards that were not what Defendant represented;

    c.  Were deprived of the benefit of the bargain because the RTX 2080 graphics cards they purchased were different from what Defendant warranted;

    d.  Were deprived of the benefit of the bargain because the RTX 2080 graphics cards they purchased had less value than what Defendant represented; and

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

9

e.  Used a product that was of a different quality than what Defendant promised.

41.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class members would not have been willing to pay the same amount for the graphics cards they purchased, and, consequently, Plaintiff and the Class members would not have been willing to purchase the Products. Consequently, Plaintiff and the Class members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

## CLASS ALLEGATIONS

42.     Plaintiff brings this suit as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all individuals and businesses throughout the nation who purchased an RTX 2080 graphics card during the Class Period. Excluded from the Class is Defendant, any person, firm, trust, corporation, officer, director, or other individual or entity in which Defendant has a controlling interest or with which Defendant is related to or affiliated, and the legal representatives, agents, heirs, affiliates, successors-in-interest or assigns of any excluded party. Plaintiff reserves the right to amend or modify the Class definition in connection with a motion for Class certification and/or the result of discovery.

43.     This lawsuit is properly brought as a class action for the following reasons:

44.     The Class is so numerous that joinder of the individual members of the proposed Class is impracticable. The Class includes thousands of persons geographically dispersed throughout the United States. The precise number and identities of Class members are unknown to Plaintiff, but are known to Defendant or can be ascertained through discovery, using records of sales, warranty records, and other information kept by Defendant or its agents.

45.     Plaintiff does not anticipate any difficulties in the management of this action as a class action. The Class is ascertainable, and there is a well-defined

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

community of interest in the questions of law and/or fact alleged herein since the rights of each Class member were infringed or violated in similar fashion based upon Defendant's uniform misconduct. Notice can be provided through sales and warranty records and publication.

46.     Questions of law or fact common to the Class exist as to Plaintiff and all Class members, and these common questions predominate over any questions affecting only individual members of the Class. Among these predominant common questions of law and/or fact are the following:

a.  Whether the RTX 2080 graphics cards lived up to the representations that it was capable of "6X the performance of previous-generation graphics cards;" that it was "light years ahead" of other cards; that it provided "ultra-cool and quiet performance;"  and possessed "powerful NVIDIA Turing™ GPU architecture, breakthrough technologies, and 11 GB of next-gen, ultra-fast GDDR6 memory [which made it] the world's ultimate gaming GPU."

b.  Whether a reasonable consumer would find these representations material to their decision to purchase the RTX 2080 graphics card;

c.  Whether Defendant's RTX 2080 graphics cards contain a defect and the nature of that defect;

d.  Whether Defendant made any express or implied warranties in connection with the sale of the defective graphics cards;

e.  Whether Defendant breached any express or implied warranties;

f.  Whether Defendant was unjustly enriched by selling defective graphics cards;

g.  Whether Defendant violated applicable consumer protection laws by selling graphics cards that did not live up to the performance representations made by Defendant; and

h.  The appropriate nature and measure of damages.

11

CLASS ACTION COMPLAINT                                          Case No.

47.     Defendant engaged in a common course of conduct giving rise to the claims of Plaintiff and the Class. The common questions in this litigation predominate over any individual questions.

48.     Plaintiff's claims are typical of the claims of Class members. The injuries sustained by Plaintiff and the Class flow, in each instance, from a common nucleus of operative facts based on the Defendant's uniform conduct as set forth above. The defenses, if any, that will be asserted against Plaintiff's claims likely will be similar to the defenses that will be asserted, if any, against Class members' claims.

49.     Plaintiff will fairly and adequately protect the interests of Class members.

50.     Plaintiff has no interests materially adverse to or that irreconcilably conflict with the interests of Class members and have retained counsel with significant experience in handling class actions and other complex litigation, and who will vigorously prosecute this action.

51.     A class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy, and individual joinder of all Class members is impracticable, if not impossible, because there are at numerous Class members located throughout the United States. Moreover, the cost to the court system of such individualized litigation would be substantial. Individualized litigation would likewise present the potential for inconsistent or contradictory judgments and would result in significant delay and expense to all parties and multiple courts hearing virtually identical lawsuits. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the courts, protects the rights of each Class member and maximizes recovery to them.

## INJUNCTIVE CLASS RELIEF

52.     Rules 23(b)(1) and (2) contemplate a class action for purposes of

12

Case No.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

seeking class-wide injunctive relief. Here, the Defendant has engaged in conduct resulting in misleading consumers about the quality and capabilities of the RTX 2080 graphics cards. Since Defendant's conduct has been uniformly directed at all consumers in the United States, and the conduct continues presently, injunctive relief on a class-wide basis is a viable and suitable solution to remedy Defendant's continuing misconduct. Plaintiff does not know if he can rely on Defendant's claims in the future, but would purchase the RTX 2080 graphics cards again if the defect or defects that lead to their high failure rate were fixed and the quality and performance of the cards were as represented.

53.     The injunctive Class is properly brought and should be maintained as a class action under Rule 23(a), and the injunctive Class satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

> a. <u>Numerosity</u>: Individual joinder of the injunctive Class Members would be wholly impracticable. Defendant's RTX 2080 graphics cards have been purchased by thousands of people throughout the United States;

> b. <u>Commonality</u>: Questions of law and fact are common to members of the Class. Defendant's misconduct was uniformly directed at all consumers. Thus, all members of the Class have a common cause against Defendant to stop its misleading conduct through an injunction. Since the issues presented by this injunctive Class deal exclusively with Defendant's misconduct, resolution of these questions would necessarily be common to the entire Class. Moreover, there are common questions of law and fact inherent in the resolution of the proposed injunctive class, including, *inter alia*:

>> i.   Resolution of the issues presented in the 23(b)(3) class;

>> ii.  Whether members of the Class will continue to suffer harm by virtue of Defendant's deceptive product marketing and advertising; and

N<small>YE</small>, S<small>TIRLING</small>, H<small>ALE</small> & M<small>ILLER</small>
33 W<small>EST</small> M<small>ISSION</small> S<small>TREET</small>, S<small>UITE</small> 201
S<small>ANTA</small> B<small>ARBARA</small>, C<small>ALIFORNIA</small> 93101

13

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

iii.   Whether, on equitable grounds, Defendant should be prevented from continuing to deceptively advertise and market the RTX 2080 graphics cards as being superior to other graphics cards.

c.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of the injunctive Class because his claims arise from the same course of conduct (i.e. Defendant's deceptive and misleading marketing, labeling, and advertising practices). Plaintiff is a typical representative of the Class because, like all members of the injunctive Class, he purchased Defendant's RTX 2080 graphics cards which were sold unfairly and deceptively to consumers throughout the United States.

d.   <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the injunctive Class. His consumer protection claims are common to all members of the injunctive Class and he has a strong interest in vindicating their rights. In addition, Plaintiff and the Class are represented by counsel who is competent and experienced in both consumer protection and class action litigation.

54.   The injunctive Class is properly brought and should be maintained as a class action under Rule 23(b)(2) because Plaintiff seeks injunctive relief on behalf of the Class Members on grounds generally applicable to the entire injunctive Class. Certification under Rule 23(b)(2) is appropriate because Defendant has acted or refused to act in a manner that applies generally to the injunctive Class (i.e. Defendant has marketed the RTX 2080 graphics cards using the same misleading and deceptive labeling to all of the Class Members). Any final injunctive relief or declaratory relief would benefit the entire injunctive Class as Defendant would be prevented from continuing its misleading and deceptive marketing practices and would be required to honestly disclose to consumers the nature of the RTX 2080 graphics cards. Plaintiff would purchase the RTX 2080 graphics cards again if the defect or defects that lead to their high failure rate were fixed and the quality and

14

performance of the cards were as represented.

## FIRST CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

### (On Behalf of Plaintiff and the Class)

55.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

56.     Plaintiff has standing to pursue this claim under California's Unfair Competition Law ("UCL") because he suffered an injury-in-fact and lost money as a result of Defendant's unfair practices. Specifically, he expended more money in the transaction than he otherwise would have due to Defendant's misrepresentations and conduct.

57.     Advertising and labeling the RTX 2080 graphics cards as superior in performance and quality to other graphics cards when they are subject to a high rate of failure constitutes a course of unfair conduct within the meaning of Cal. Civ. Code § 17200, *et seq*.

58.     Defendant's advertising failed to disclose that the RTX 2080 graphics cards were subject to a high rate of failure and could cause artifacting, blue screens, black screens, complete system failure, and other errors.

59.     The conduct of the Defendant harms the interests of consumers and market competition. There is no valid justification for Defendant's conduct.

60.     Defendant engaged in unlawful business acts and practices by breaching implied and express warranties, and violating the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.

61.     Defendant engaged in fraudulent business practices by knowingly misrepresenting the RTX 2080 graphics cards as superior in performance and quality to other graphics cards when they are subject to a high rate of failure. Such practices are devoid of utility and outweighed by the gravity of harm to Plaintiff and the Class who lost money or property by paying for the defective product.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

62.     Each of Defendant's unfair, unlawful and fraudulent practices enumerated above was the direct and proximate cause of financial injury to Plaintiff and the Class. Defendant has unjustly benefitted as a result of its wrongful conduct. Plaintiff and the Class members are accordingly entitled to have Defendant disgorge and restore to Plaintiff and Class members all monies wrongfully obtained by Defendant as a result of the conduct as alleged herein.

63.     Pursuant to section 17203 of the California Business and Professions Code, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in unfair, unlawful and deceptive practices and any other act prohibited by law, including the acts set forth herein.

## SECOND CAUSE OF ACTION
### Violation of Cal. Civ. Code § 1750, *et seq.*
### (On Behalf of Plaintiff and the Class)

64.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

65.     The Consumers Legal Remedies Act ("CLRA") was enacted to protect consumers against unfair and deceptive business practices. The CLRA applies to Defendant's acts and practices because the Act covers transactions involving the sale of goods to consumers.

66.     Plaintiff and members of the Class are "consumers" within the meaning of section 1761(d) of the California Civil Code, and they engaged in "transactions" within the meaning of sections 1761(e) and 1770 of the California Civil Code, including the purchases of the RTX 2080 graphics cards.

67.     The RTX 2080 graphics cards are "goods" under Cal. Civ. Code § 1761(a).

68.     Defendant's unfair and deceptive business practices were intended to and did result in the sale of the RTX 2080 graphics cards.

69.     Defendant violated the CLRA by engaging in the following unfair and

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

16

deceptive practices:

(1) Representing that RTX 2080 graphics cards have characteristics, uses or benefits that they do not have, in violation of section 1770(a)(5);

(2) Representing that RTX 2080 graphics cards are of a particular standard, quality, or grade when they are not, in violation of section 1770(a)(7); and

(3) Advertising RTX 2080 graphics cards with the intent not to sell them as advertised, in violation of section 1770(a)(9).

70.    Defendant failed to disclose that the RTX 2080 graphics cards were subject to a high rate of failure and could cause artifacting, blue screens, black screens, complete system failure, and other errors.

71.    If Plaintiff and the Class members had known this fact, they would not have purchased the RTX 2080 graphics cards at all or purchased them at the prices they did.

72.    As a direct and proximate result of Defendant's conduct, Plaintiff and the Class suffered injury.

73.    Pursuant to California Civil Code § 1782(a), Mr. LeBoeuf sent Defendant a CLRA notice letter via certified mail, return receipt requested, which was delivered on or around February 13, 2019, advising Defendant that it is in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.

74.    As of the date of this filing, Plaintiff has not received a response.

75.    Accordingly, Plaintiff seeks damages under the CLRA in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
### (On Behalf of Plaintiff and all Class Members)

76.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

17

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

77.     Defendant provided the Plaintiff and Class Members with an express warranty in the form of written affirmations of fact promising and representing that the RTX 2080 graphics cards  provide "6X the performance of previous-generation graphics cards;" are "light years ahead" of other cards; provides "ultra-cool and quiet performance;"  and that "powerful NVIDIA Turing™ GPU architecture, breakthrough technologies, and 11 GB of next-gen, ultra-fast GDDR6 memory make it the world's ultimate gaming GPU."

78.     The above affirmations of fact were not couched as "belief" or "opinion," and were not "generalized statements of quality not capable of proof or disproof."

79.     These affirmations of fact became part of the basis for the bargain and were material to the Plaintiff's and Class Members' transactions.

80.     Plaintiff and Class Members reasonably relied upon the Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendant's Products.

81.     Within a reasonable time after he knew or should have known of Defendant's breach, Plaintiff, on behalf of himself and Class Members, placed Defendant on notice of its breach in his CLRA letter, giving Defendant an opportunity to cure its breach, which it refused to do.

82.     Defendant breached the express warranty because the RTX 2080 graphics cards are subject to a high rate of failure and cannot live up to Defendant's promises of high quality and performance.

83.     Defendant's conduct has breached the express warranty laws of all states, including California.

84.     As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members were damaged in the amount of the price they paid for the Products, in an amount to be proven at trial.

///

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

18

1

2

3

4

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE MAGNUSON-MOSS

## WARRANTY ACT, 15 U.S.C. § 2301 *et seq*.

### (On Behalf of All Class Members)

5   85.   Plaintiff repeats and realleges each and every allegation contained in

6   the foregoing paragraphs as if fully set forth herein.

7   86.   Plaintiff brings this claim individually and on behalf of all members of

8   the Class. Upon certification, the Class will consist of more than 100 Class

9   Members.

10   87.   The Magnuson-Moss Warranty Act provides a federal remedy for

11   consumers who have been damaged by the failure of a supplier or warrantor to

12   comply with any obligation under a written warranty or implied warranty, or other

13   various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C.

14   § 2301 *et seq*.

15   88.   The RTX 2080 graphics cards are "consumer products" within the

16   meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

17   89.   Plaintiff and other members of the Class are "consumers" within the

18   meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

19   90.   Defendant is a "supplier" and "warrantor" within the meaning of the

20   Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5).

21   91.   As described above, Defendant represented in writing that the RTX

22   2080 graphics cards were of superior quality and would provide superior

23   performance.

24   92.   These statements were made in connection with the sale of the RTX

25   2080 graphics cards and relate to the nature of the graphics cards and affirm and

26   promise that the graphics cards are as represented and defect free and, as such, are

27   "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15

28   U.S.C. § 2301(6)(A).

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

93.    As alleged herein, Defendant breached the written warranty by selling consumers RTX 2080 graphics cards that are subject to a high failure rate. The RTX 2080 graphics cards do not conform to the Defendant's written warranty and therefore violates the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Consequently, Plaintiff and the other members of the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(On Behalf of all Class Members)**

94.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

95.    Defendant is in the business of manufacturing, distributing, marketing, and advertising the RTX 2080 graphics cards.

96.    Defendant impliedly warranted to members of the general public, including Plaintiff and Class members, that the RTX 2080 graphics cards were of merchantable quality (i.e., a product of a high enough quality to make it fit for sale, usable for the purpose it is made, of average worth in the marketplace, or not broken, unworkable, damaged, contaminated or flawed), were of the same quality as those generally acceptable in the trade or that would pass without objection in the trade, were free from material defects and were reasonably fit for the ordinary purposes for which they were intended or used. In addition, Defendant either was or should have been aware of the particular purposes for which such graphics cards are used, and that Plaintiff and the Class members were relying on the skill and judgment of Defendant to furnish suitable goods for such purpose.

97.    Defendant breached its implied warranties by selling Plaintiff and Class members defective graphics cards. The Defect renders the RTX 2080 graphics cards unmerchantable. Defendant has refused to recall, repair, or replace, free of charge, all RTX 2080 graphics cards or refund the prices paid for them.

CLASS ACTION COMPLAINT

Case No.

Nye, Stirling, Hale & Miller
33 West Mission Street, Suite 201
Santa Barbara, California  93101

98.   The Defect in the RTX 2080 graphics cards existed when they left Defendant's and possession and thus is inherent in such graphics cards.

99.   As a result of the foregoing, Plaintiff and Class Members have been damaged in the amount paid for the Defendant's Products, together with interest thereon from the date of purchase. Additionally, Plaintiff and Class members either have or will incur economic, incidental and consequential damages in the cost of repair or replacement and costs of complying with continued contractual obligations as well as the cost of buying an additional graphics card they would not have purchased had the graphics cards in question not contained the defect.

## SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY UNDER
## THE SONG-BEVERLY WARRANTY ACT
### (On behalf of Plaintiff and the Class)

100.   Plaintiff repeats and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

101.   Defendant was at all relevant times, a merchant, manufacturer, distributor, and/or seller within the meaning of Cal. Civ. Code § 1791.

102.   The RTX 2080 graphics cards, at all relevant times, were "consumer goods" within the meaning of Cal. Civ. Code § 1791.

103.   Plaintiff and the members of the Class are "buyers" within the meaning of Cal. Civ. Code § 1791.

104.   Plaintiff and the members of the Class bought the RTX 2080 graphics cards for personal, household, or family purposes.

105.   Defendant warranted that the RTX 2080 graphics cards met certain standards of performance and quality, as described above.

106.   Defendant's express warranty extended to Plaintiff and the Class because they are natural persons who could have been expected to use the products they purchased.

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

21

Case No.

107.   Defendant knowingly breached its warranty because the RTX 2080 graphics cards are subject to a high rate of failure, as described above.

108.   Plaintiff notified the Defendant of its breach in his CLRA letter.

109.   As a result, Plaintiff and the members of the Class are entitled to damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY UNDER THE SONG-BEVERLY WARRANTY ACT

### (On behalf of Plaintiff and the Class)

110.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

111.   As a merchant of the RTX 2080 graphics cards, Defendant impliedly warranted that the RTX 2080 graphics cards were merchantable, would pass without objection in the trade, and were fit for the ordinary purpose for which they were used.

112.   The ordinary purpose for which the RTX 2080 graphics cards would be used would be to allow computer graphics to run more smoothly.

113.   The RTX 2080 graphics cards, when sold, were not merchantable and not fit for the ordinary purpose for which they are used.

114.   The RTX 2080 graphics cards are inherently defective because they are subject to a variety of problems, including artifacting, blue screens, black screens, and complete failure.

115.   Defendant breached its implied warranty of merchantability under the Song-Beverly Warranty Act.

116.   Defendant was provided notice of these issues by the CLRA letter sent by Plaintiff.

117.   As a direct and proximate result of the Defendant's breach of the implied warranty Plaintiff and the other Class members have been damaged in an

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

22

amount to be proven at trial, together with reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

## COMMON LAW UNJUST ENRICHMENT

### (On Behalf of Plaintiff and All Class Members)

118.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

119.   Plaintiff, on behalf of himself and consumers nationwide, brings a common law claim for unjust enrichment.

120.   Defendant's conduct violated, inter alia, state and federal law by manufacturing, advertising, marketing, and selling the RTX 2080 graphics cards while misrepresenting and omitting material facts.

121.   Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling its Products at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members, and to Defendant's benefit and enrichment. Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

122.   Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the RTX 2080 graphics cards, which were not as Defendant represented them to be.

123.   Under common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

124.   Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

///

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP; and Plaintiff as representative of the Class.;

(b) Entering preliminary and permanent injunctive relief against Defendant, directing Defendant to correct its practices and to comply with consumer protection laws nationwide, including California consumer protection laws;

(c) Awarding monetary, compensatory, statutory and punitive damages;

(d) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: May 10, 2019                NYE, STIRLING, HALE & MILLER, LLP

By: ____/S/_____
        Jonathan D. Miller, Esq.
        Alison M. Bernal, Esq.
        33 W. Mission Street, Suite 201
        Santa Barbara, CA 93101
        Tel: (805) 963-2345
        Fax: (805) 284-9590
        jonathan@nshmlaw.com
        alison@nshmlaw.com


Dated: May 10, 2019                WALSH, PLLC

By: ____/S/_____
        Bonner C. Walsh, Esq.
        *(To be admitted Pro Hac Vice)*
        1561 Long Haul Road
        Grangeville, ID 83530
        Tel: (541) 359-2827
        Fax: (866) 503-8206
        bonner@walshpllc.com

Dated: May 10, 2019                    THE SULTZER LAW GROUP, P.C.

By: ____/S/_____

Adam Gonnelli, Esq.
(*To be admitted Pro Hac Vice*)
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
gonnelia@thesultzerlawgroup.com

*Attorneys for Plaintiff and the Class*

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

25

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Matthew LaBoeuf, on behalf of himself and the Class, hereby demands a trial by jury of all claims so triable in the above-referenced matter.

Dated: May 10, 2019     NYE, STIRLING, HALE & MILLER, LLP

By: ____/S/_____

     Jonathan D. Miller, Esq.
     Alison M. Bernal, Esq.
     33 W. Mission Street, Suite 201
     Santa Barbara, CA 93101
     Tel: (805) 963-2345
     Fax: (805) 284-9590
     jonathan@nshmlaw.com
     alison@nshmlaw.com

Dated: May 10, 2019     WALSH, PLLC

By: ____/S/_____

     Bonner C. Walsh, Esq.
     *(To be admitted Pro Hac Vice)*
     1561 Long Haul Road
     Grangeville, ID 83530
     Tel: (541) 359-2827
     Fax: (866) 503-8206
     bonner@walshpllc.com

Dated: May 10, 2019     THE SULTZER LAW GROUP, P.C.

By: ____/S/_____

     Adam Gonnelli, Esq.
     *(To be admitted Pro Hac Vice)*
     85 Civic Center Plaza, Suite 200
     Poughkeepsie, NY 12601
     Tel: (845) 483-7100
     Fax: (888) 749-7747
     gonnelia@thesultzerlawgroup.com

     *Attorneys for Plaintiff and the Class*

CLASS ACTION COMPLAINT                  Case No.

NYE., STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101